UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANGELA COLEGROVE,

Plaintiff,

v. Case No. 2:26-cv-2128-KCD-KRH

GLADES COUNTY, FLORIDA,

Defendant.
___________________________________/

**ORDER**

Plaintiff Angela Colegrove sues her former employer, Defendant Glades County, Florida. (Doc. 1.) She alleges that Glades County violated her rights under federal and Florida law after she was diagnosed with degenerative medical conditions and began treatment. Glades County moves to dismiss the complaint, arguing that it provides insufficient facts and that Colegrove failed to exhaust her administrative remedies. (Doc. 12.) Colegrove has responded in opposition and alternatively requests leave to amend. (Doc. 15.) For the reasons below, the motion is granted in part and denied in part with leave to amend.

## I. Background

Here are the relevant facts taken from the operative complaint, which at this stage must be taken as true and construed in the light most favorable

to Colegrove. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).[1] Colegrove worked for Glades County for 29 years with no disciplinary history. In 2019, she was promoted to Acting Public Safety Director. In that role, she oversaw emergency management, EMS, and fire operations. This role substantially expanded her job duties and responsibilities, as well as the number of people she supervised. Of note, she was paid less than male directors in that position.

In 2022, Colegrove learned that she suffered from degenerative medical conditions affecting her neck, spine, and hip, as well as bursitis in multiple locations. Those conditions caused severe pain, requiring ongoing medical treatment and "periodic absences from work." (Doc. 1 ¶ 36.) Glades County knew about her conditions and need for leave.

Glades County made efforts to force Colegrove out because of her medical conditions and her need for treatment and leave. Marcos Montes De Oca, the Glades County manager, required Colegrove to use FMLA leave instead of her available sick leave. Colegrove also requested more time to complete a project because of her recovery needs, and that information was used against her.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Colegrove opposed a complaint against her that contained false allegations intended to undermine and remove her. After Colegrove opposed the complaint, harassment against her intensified. Male employees made or repeated sexually derogatory statements about her, including statements suggesting that he kept her job through sexual conduct with supervisors. Colgrove "reported or opposed this conduct." (Doc. 1 ¶ 57.)

In another incident, Colegrove questioned HR manager Bailey Taylor's effort to terminate an employee without an investigation. Taylor became angry with Colegrove and retaliated against her by demanding that she take a drug test despite being out of work for a medical procedure. Colegrove also believed that Taylor and other County employees were mishandling the department's drug storage and reported it. After these incidents, Colegrove believed she was being "watched" and that she would be fired, so she began removing personal items from her office.

At an August 25, 2025, meeting called by the Glades County manager, Paul Carlisle, he questioned Colegrove's recent absences, work-from-home issues, and the number of days in the office. Colegrove tried to explain her medical conditions, stating that she had been on FMLA leave and had supporting documentation. Still, Colegrove was terminated during that meeting and escorted out of the building. Carlisle told Colegrove that Glades

County was keeping her earned vacation time and that IT would determine whether Colegrove had been working from home on questioned days.

After the termination, Taylor and the County's retaliatory conduct continued. Despite Colegrove's request, Taylor delayed and mishandled her retirement paperwork, attempted to charge her over $1,000 for a public records request, and imposed a 3% charge related to her vacation pay.

After filing a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR) and receiving a right-to-sue letter, Colegrove brought this case. (Doc. 1.)

## II. Legal Standard

To survive a motion to dismiss, "a complaint must contain sufficient facts, accepted as true, to state a facially plausible claim for relief." *Galette v. Goodell*, No. 23-10896, 2023 WL 7391697, at *3 (11th Cir. Nov. 8, 2023). "A claim is facially plausible if it pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The question here is not whether the plaintiff will ultimately prevail, but whether the complaint can proceed to discovery.

At this starting gate, we must accept the complaint's factual allegations as true and construe them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). That benefit of the doubt,

however, has limits. The court is not bound to accept legal conclusions dressed up as factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading that offers nothing more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not unlock the courthouse doors. *Id.* In short, the plaintiff must tell a factual story that makes the defendant's liability plausible, not just point a finger and recite the law. *See, e.g.*, *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## III. Discussion

Colegrove's complaint brings eleven claims against Glades County for the events surrounding her termination, but only six are at issue here. (Doc. 1.) Count II alleges that Colegrove was subjected to a sex-based hostile work environment in violation of Title VII. Count III alleges that Glades County retaliated against her for trying to invoke her rights under Title VII. Counts V, VI, and X allege that Glades County failed to accommodate Colegrove's disability and retaliated against her for complaining that she was suffering disparate treatment based on her medical disability in violation of the Americans with Disabilities Act (ADA) and the Florida Civil Rights Act (FCRA). Finally, Count VIII alleges that Glades County retaliated against Colegrove for using FMLA leave.

**A. Failure to Exhaust**

Colegrove filed her administrative discrimination charge on December 29, 2025. Glades County argues that any discrete acts occurring before December 30, 2024 are thus time-barred and cannot support any claim. (Doc. 12 at 3-4.) Glades County points to acts in the complaint that would be untimely, such as compensation decisions in 2019 and the proposed discipline of an employee in May 2024.

True, only unlawful employment practices complained of in a timely-filed charge of discrimination can form the basis for liability. *See City of Hialeah, Fla. v. Rojas*, 311 F.3d 1096, 1102 (11th Cir. 2002). But as best the Court can discern, Colegrove does not base her claims on those older events. Instead, she relies on them for a different, permissible reason: as background evidence. *See, e.g.*, *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 102 (2002) ("Nor does the statute bar an employee from using the prior acts as background evidence to support a timely claim.").

If Glades County wants to ensure that any time-barred events stay outside the case, it can file a motion in limine at the proper time. A Rule 12(b)(6) motion, however, tests the sufficiency of a claim as a whole. It is not a red pen for striking individual factual allegations. Glades County's motion to dismiss for failure to exhaust is thus denied.

**B. Count II: Hostile Work Environment**

Glades County next argues that Count II fails because Colegrove does not plausibly allege harassment that was sufficiently severe or pervasive to alter the terms and conditions of her employment. (Doc. 12 at 5-7.) To sufficiently plead a hostile work environment claim based on sexual harassment, as here, a plaintiff must allege that: (1) she "belongs to a protected group"; (2) she "has been subject to unwelcome harassment"; (3) "the harassment must have been based on a protected characteristic of the employee"; (4) "the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment"; and (5) "the employer is responsible for such environment under either a theory of vicarious or direct liability." *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002).

A hostile work environment claim requires more than "offhand comments, and isolated incidents." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998). "Properly applied, they will filter out complaints attacking the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing." *Id.* The employer's conduct "must be extreme to amount to a change in terms and conditions of employment." *Short v. Immokalee Water & Sewer Dist.*, 165 F. Supp. 3d 1129, 1141 (M.D. Fla. 2016). The bar here is thus high. A hostile

work environment is "permeated with discriminatory intimidation, ridicule, and insult." *Johnson v. Fam. Prac. & Inj. Ctr., Inc.*, 437 F. Supp. 3d 1108, 1127 (M.D. Fla. 2020); *see, e.g.*, *Comerinsky v. Augusta Coating & Mfg., LLC*, 418 F. Supp. 3d 1252, 1262 (S.D. Ga. 2019).

Here are Colegrove's allegations:

> "During Plaintiff's final years of employment, she experienced repeated harassment, bullying, gender-based hostility, sexually derogatory comments, disability-related hostility, and retaliation." (Doc. 1 ¶ 32.)
>
> "Male employees made or repeated sexually derogatory statements about Plaintiff, including statements suggesting that Plaintiff obtained or kept her job through sexual conduct with supervisors." (*Id.* ¶ 56.)
>
> "The harassment included sexually derogatory statements, rumors and accusations that Plaintiff obtained or retained her position through sexual conduct, attacks on Plaintiff's professional reputation, and tolerance of male employees' misconduct." (*Id.* ¶ 120.)
>
> "The harassment was severe or pervasive enough to alter the terms and conditions of Plaintiff's employment and create an abusive working environment." (*Id.* ¶ 121.)

These allegations do have a sexual and gender-related connotation, but where the complaint flounders is that Colegrove fails to allege any factual content showing that the harassment was sufficiently severe or pervasive enough to alter the terms and conditions of her employment. Instead, the complaint essentially recites the elements. For example, Colegrove does not even allege how often the harassment occurred outside of "during [her] final years." *See, e.g.*, *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (explaining that the workplace must be "permeated with discriminatory

intimidation, ridicule, and insult" for harassment to alter the terms and conditions of employment) (quotation omitted). Plausibility requires factual content, but Colegrove provides almost none. *See Davila*, 326 F.3d at 1185. Therefore, her claim fails.

**C. Count V: ADA Failure to Accommodate**

Next up, Glades County argues that Count V should be dismissed because Colegrove fails to allege that she requested a reasonable accommodation. Colegrove responds that Glades County knew of her medical conditions and need for leave and recovery. (Doc. 15 at 8-9.) But that is not enough.

For a failure to accommodate claim, the plaintiff must inform the employer of his disability and the need for an accommodation. *See Bagwell v. Morgan Cnty. Comm'n*, 676 F. App'x 863, 866 (11th Cir. 2017). "The employer's duty to provide a reasonable accommodation is not triggered unless the plaintiff makes a specific demand for an accommodation." *Id.* (citing *Gaston v. Bellingrath Gardens & Home, Inc.*, 167 F.3d 1361, 1363 (11th Cir. 1999)). The employee must, "at a minimum," "request some change or adjustment in the workplace and must link that request to his disability." *Williamson v. Clarke Cnty. Dep't of Hum. Res.*, 834 F. Supp. 2d 1310, 1320 (S.D. Ala. 2011).

The complaint does not allege that Colegrove affirmatively requested an accommodation for her disability. Instead, it alleges that "Defendant failed to engage in a good-faith interactive process to determine reasonable accommodations for Plaintiff's known disabilities." (Doc. 1 ¶ 50.) But an employer's failure "to engage in an interactive process to find a reasonable accommodation" is irrelevant if the employee did not request an accommodation. *Warren v. Volusia Cnty.*, 188 F. App'x 859, 861-62 (11th Cir. 2006). And the complaint does not allege that Colegrove made such a request, nor does she point to an accommodation request in her response. (Doc. 15.) Since Colegrove does not allege that she requested an accommodation, Count V fails.

**D. Counts III, VI, VIII, X: Retaliation**

The remaining four counts are retaliation claims under the ADA, FCRA, FMLA, and Title VII.

**1. ADA (Count VI) & FCRA (Count X)**

The prima facie case for retaliation under the ADA and FCRA is the same. *See Matamoros v. Broward Sheriff's Off.*, 2 F.4th 1329, 1336 (11th Cir. 2021). The plaintiff "must show (1) that she engaged in a statutorily protected expression, (2) that she suffered an adverse employment action, and (3) that a causal link existed between the adverse action and her protected expression." *Id.* The prima facie case for retaliation under these

statutes is an evidentiary standard, not a pleading standard. *See Monroe v. Fla. Dep't of Corr.*, 793 F. App'x 924, 928 (11th Cir. 2019). So Colegrove need only raise a plausible inference of retaliation at this stage. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510-13 (2002).

Glades County maintains that Colegrove fails to allege a protected activity or a causal connection between the protected activity and her termination. The Court agrees.

A statutorily protected activity for the purposes of an ADA retaliation claim is "oppos[ing] any act or practice made unlawful by this chapter." 42 U.S.C. § 12203(a); *see also Calvo v. Walgreens Corp.*, 340 F. App'x 618, 625-26 (11th Cir. 2009); *Powell v. Space Coast Credit Union*, No. 615CV550ORL22TBS, 2015 WL 9664963, at *5 (M.D. Fla. Dec. 23, 2015) (finding that a plaintiff engages in statutorily protected activity when he or she protests an employer's conduct under a reasonable belief that the employer was engaged in unlawful employment practices).

Colgrove alleges that she "engaged in protected activity under the ADA by disclosing her disabilities, providing medical documentation, requesting or using medical leave and accommodations, and opposing disability-related harassment and discrimination." (Doc. 1 ¶ 149.) But Colegrove does not allege that she made a specific demand for an accommodation. And though Colegrove alleges that she "oppos[ed] disability-related harassment and

discrimination," there's no meat on those bones. (*Id.* ¶ 149.) There are no factual allegations identifying any disability-discrimination complaint, to whom it was made, when it was made, or what unlawful conduct she opposed.

It follows that if there is no statutorily protected activity, the decision to terminate her could not have been causally related to a nonexistent protected activity. But even if there were protected activity, the complaint fails to adequately allege causation. To establish causation, "a plaintiff need only show that the protected activity and the adverse action were not wholly unrelated." *Clover v. Total Sys. Servs., Inc.*, 176 F.3d 1346, 1354 (11th Cir. 1999). A causal connection is likely to be found where there is a "close temporal proximity" between the time an employer learns about protected activity and the adverse employment action. *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1337 (11th Cir. 1999). The complaint offers no temporal connection between when Colegrove's protected activity occurred and when she was terminated. Her medical conditions began in 2022, but she was not terminated until three years later. This disconnect must be addressed in any further pleading.

Colegrove raises an additional retaliation claim under the FCRA based on sex and disability (Count X). As mentioned, the Eleventh Circuit has determined that retaliation claims under the FCRA must be analyzed under

the same framework as the ADA. *See Drago v. Jenne*, 453 F.3d 1301, 1307 (11th Cir. 2006). Thus, for the same reasons, Colegrove fails to state a claim for which relief can be granted on Count X.

**2. FMLA (Count VIII)**

The same causation problem plagues Colegrove's FMLA claim, which has the same elements as those above. *Walker v. Elmore Cnty. Bd. of Educ.*, 379 F.3d 1249, 1252 (11th Cir. 2004). The FMLA makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right" provided under the FMLA. 29 U.S.C. § 2615(a)(1). Colegrove alleges that she "engaged in protected activity by requesting, using, or attempting to use FMLA leave"; Glades County "knew [she] had requested, used, or attempted to use FMLA leave"; and her FMLA-protected activity was the "motivating factor and/or but-for cause of Defendant's adverse actions." (Doc. 1 ¶¶ 162-64.) "Protected activity for purposes of an FMLA retaliation claim includes 'an employee's exercise or attempted exercise of rights provided by the Act' and thus encompasses both a request for FMLA documentation and FMLA leave itself.'" *Shields v. Hyundai Glovis of Ala., LLC*, 2026 WL 2895028, at *2 (M.D. Ala. 2026) (quoting *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1247 (11th Cir. 2015)).

Colegrove alleges that she requested FMLA leave and it was granted, which is protected activity. She also suffered an adverse employment action

when Glades County terminated her. The dispute here boils down to whether Colegrove has alleged that her FMLA leave caused her termination. The bar is not a high one. A "plaintiff merely has to prove that the protected activity and the ... [adverse] action are not completely unrelated." *Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004) (quoting *Olmsted v. Taco Bell Corp.*, 141 F.3d 1457, 1460 (11th Cir. 1998)). A plaintiff can satisfy this element by alleging that her employer knew of her protected acts and "that there was a close temporal proximity between this awareness and the adverse ... action." *Id.* (quoting *Shotz v. City of Plantation*, 344 F.3d 1161, 1180 n.3 (11th Cir. 2003)).

The timeline on Colegrove's FMLA leave and her termination is fuzzy. She alleges that during the termination meeting on August 25, 2025, she tried to explain she was on FMLA leave in response to Carlisle's questioning about her work absences. (Doc. 1 ¶¶ 86, 88.) But that does not explain how the FMLA leave is related in time to the firing. Thus, her FMLA retaliation claim is dismissed so that Colegrove can address it in an amended pleading.

**3. Title VII (Count III)**

Like above, the Title VII retaliation claim has a causation problem. Title VII prohibits employers from retaliating against employees who oppose practices that the statute makes unlawful. 42 U.S.C. § 2000e-3(a). A protected activity includes "informally voicing [discrimination] complaints to

one's superiors." *Vincent v. Jefferson Cnty. Bd. of Educ.*, 152 F.4th 1339, 1353 (11th Cir. 2025). At this stage, a causal connection "is construed broadly enough that a plaintiff need only establish that the protected activity and the [adverse] action are not completely unrelated." *Id.* Thus, a "[c]lose temporal proximity between the protected activity and the adverse action may be sufficient to demonstrate that connection." *Id.*

According to the complaint, Colegrove "oppos[ed] discrimination, harassment, sexually derogatory conduct, retaliatory conduct, and improper employment practices" and "submit[ed] a detailed rebuttal to false allegations and by reporting misconduct to County leadership and attorneys." (Doc. 1 ¶¶ 126-27.) The complaint does not mention any other alleged protected activities. Because of these protected activities, Glades County allegedly "subjected Plaintiff to materially adverse actions, including increased hostility, heightened scrutiny, threats, humiliation, denial or delay of benefits and records, and termination." (*Id.* ¶ 128.)

While Colegrove alleges that she complained about discrimination and harassment, she has not alleged that any such complaints were causally related to any adverse action taken against her. Colegrove again does nothing to explain the proximity between her complaints and her termination, thereby failing to support a plausible inference of causation. Count III is thus also dismissed with leave to amend.

## IV. Conclusion

For these reasons, Glades County's Motion to Dismiss (Doc. 12) is **GRANTED IN PART AND DENIED IN PART**. The exhaustion argument fails, but the motion is granted as to Counts II, III, V, VI, VIII, and X. Colegrove is given 14 days to file an amended complaint properly pleading those claims, if she chooses, after reviewing the relevant case law. If no new complaint is filed by that deadline, Glades County must answer the remaining claims of the existing complaint.

**ORDERED** in Fort Myers, Florida on November 2, 2026.

Kyle C. Dudek
United States District Judge